**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES LEE CALHOUN, Plaintiff, v. KEVIN YOUNG, et al. Defendants. | : | Civil No. 07-3691 (GEB) **O P I N I O N** |

**APPEARANCES:**

James Lee Calhoun, Pro Se
Monmouth County Correctional Institution
#3175295
1 Waterworks Road
Freehold, NJ 07728

RECEIVED
AUG 2 7 2007
AT 8:30______M
WILLIAM T. WALSH
CLERK

**BROWN, Chief Judge**

Plaintiff, James Lee Calhoun, currently incarcerated at the Monmouth County Correctional Institution, Freehold, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff seeks to sue three public defenders for the manner in which they are defending him in his criminal case. Plaintiff alleges that defendant Young refused to represent him properly after he refused to accept a plea agreement, which has caused him to remain in jail since 2004. Plaintiff also alleges that defendants Gonzalez, a deputy public defender, and Segars, the Public Defender for New Jersey, were aware of defendant Young's unconstitutional actions in his representation of Plaintiff, but refused to correct them.

Plaintiff asks for monetary damages, an injunction to stop the State of New Jersey from charging indigent criminal defendants for counsel,[1] and for class action status of all

[1] The New Jersey Public Defender Act includes reimbursement and lien provisions. See N.J.S.A. 2A:158A-16, 158A-17. These provisions have been deemed valid under state law. See Stroinski v. Office of Public Defender, 134 N.J. Super. 21 (App. Div. 1975). The provisions provide that if a defendant has the means to pay for services, he shall be required to reimburse the Public Defender's Office in such amounts as he may reasonably be expected to pay. The provisions also note that a defendant's ability to pay would have no affect on the rendering of services.

criminal defendants suffering losses of their constitutional rights due to the actions of defendants.

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B. 42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other

grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **Plaintiff's Claims Will Be Dismissed.**

Plaintiff states that defendants violated his constitutional rights. However, the claims against the defendants will be dismissed, because they are not "state actors," or "acting under color of state law," as required by 42 U.S.C. § 1983. Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Further, because it appears that Plaintiff's criminal charges remain pending, he must raise any constitutional challenges in the course of his criminal case; a federal court will not now intercede to consider issues that plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971). It is not generally the role of the federal courts to interfere in pending state criminal cases. The

United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). In the instant case, it appears that state proceedings implicating important state interests are ongoing, and that Plaintiff has an opportunity to raise his claims in a hearing during the state proceedings.[2] Therefore, because Defendants did not act under color of state law in representing Plaintiff, and because it appears that Plaintiff has ongoing state court proceedings, this Court must dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[2] In fact, a letter from defendant Gonzalez to Plaintiff, attached to Plaintiff's Complaint and dated June 4, 2007, notes that a motion is pending before the criminal court. Defendant Gonzalez notes his concern about the length of time that Plaintiff has been incarcerated. One motion pending before the criminal court appears to be a speedy trial motion.

**CONCLUSION**

Based upon the foregoing, Plaintiff's Complaint will be dismissed. The Court will file an appropriate Order.

GARRETT E. BROWN, JR.
Chief Judge
United States District Court

Dated: August 27, 2007